UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x

LYNETTE BECH,                           :
                                        :        CASE NO.:
                Plaintiff,              :
                                        :        Judge:
vs.                                     :
                                        :        Magistrate:
                                        :
TWO ODY'S, L.L.C.                       :
                                        :
                Defendant.              :
-------------------------------------------------------x

## **COMPLAINT**

Plaintiff, LYNETTE BECH, by and through her undersigned counsel, hereby files this Complaint and sues TWO ODY'S, L.L.C. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## **JURISDICTION AND PARTIES**

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

1

4.   Plaintiff, LYNETTE BECH, (hereinafter referred to as "MS. BECH"), is a person of the age of majority and a citizen of the State of Louisiana.

5.   MS. BECH resides in Washington Parish, Franklinton, Louisiana.

6.   MS. BECH is a qualified individual with a disability under the ADA and the LCHR. MS. BECH is diagnosed with Osteogenesis Imperfecta ("OI", also commonly known as "brittle bone disease").

7.   Due to her disability, MS. BECH is substantially impaired in several major life activities and requires a motorized wheelchair for mobility. Specifically, MS. BECH is unable to walk or stand without assistance.

8.   Upon information and belief, TWO ODY'S, L.L.C., a Louisiana limited liability company is the owner of the real properties and improvements which are the subject of this action, to wit: 401 Austin Street, Bogalusa, LA 70427 (hereinafter referred to as "the Property").

9.   Upon information and belief, the Property includes the Club Car Lounge, a restaurant and bar.

10.  MS. BECH has visited the Property to enjoy food and drinks there.

11.  DEFENDANT is obligated to comply with the ADA and the LCHR.

12.  All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Washington Parish, Louisiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

13.  MS. BECH realleges and reavers the above Paragraphs as if they were expressly restated

herein.

14.    The Property is a place of public accommodation, subject to the ADA, generally located at: 401 Austin Street, Bogalusa, LA 70427.

15.    Upon information and belief, MS. BECH has visited the Property and desires to visit the restaurant again in the future.

16.    Upon information and belief, MS. BECH'S most recent visit to Club Car Lounge prior to filing this original Complaint was on September 2, 2025.

17.    While at the Property, MS. BECH encountered numerous architectural barriers, which prevented her from entering the Property. Specifically, there was no designated-accessible parking at the Property and the ramp at the Property had a dangerous change in level where it met the parking area and the ramp was too steep for Ms. Bech to use safely.

18.    MS. BECH lives in close proximity to the Property. MS. BECH lives less than twenty-five (25) miles from the Property.

19.    MS. BECH intends to and will visit the Property to eat at the restaurant in the future but fears that she will encounter the same barriers to access which are the subject of this action.

20.    The barriers discussed below in Paragraph 22 are excluding MS. BECH from the programs, services, and activities offered at the Property.

21.    The barriers discussed below in Paragraph 22 are excluding MS. BECH from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Property.

22.    Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and are discriminating against MS. BECH due to, but not

limited to, the following violations which exist at the Property:

    I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A.     There is no designated-accessible parking at the Property;

    B.     The ramp at the Property is too steep to safely utilize;

    C.     There is an impermissible gap where the ramp at the Property meets the parking lot; and

    D.     Other mobility-related ADA barriers to be identified following a complete inspection.

23.    Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24.    Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

25.    Upon information and belief, removal of the barriers to access at the Property would provide MS. BECH with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the restaurant.

26.    MS. BECH has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. BECH is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

### COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

27.    MS. BECH repeats and realleges all preceding paragraphs in support of this claim.

28.    At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANT.

29.    At all times relevant to this action, MS. BECH has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

30.    At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

31.    The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

32.    The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

33.   DEFENDANT discriminated against MS. BECH, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to its refusal to many of the architectural barriers discussed in Paragraph 22 of this Complaint.

34.   MS. BECH deems herself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

35.   MS. BECH is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **PRAYER FOR RELIEF**

WHEREFORE, MS. BECH demands judgment against DEFENDANT, and requests the following injunctive, damages, and declaratory relief:

A.   That this Court declare that the Property, owned and/or operated by DEFENDANT, is in violation of the ADA and the LCHR;

B.   That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.   That this Court award damages to MS. BECH pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and

other expenses of suit, to MS. BECH pursuant to the ADA and the LCHR; and

E.    That this Court award such other and further relief as it deems necessary, just, and

proper.

Respectfully Submitted,


**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email:  andrew@bizerlaw.com
        gdereus@bizerlaw.com
        eva@bizerlaw.com